IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*versus*<br>CHAD MONTRELLE COHEN | CRIMINAL CASE NUMBER<br>1:26-MJ-543-LRS |

## REPORT AND RECOMMENDATION

This case is before the Court on Defendant Chad Montrelle Cohen's motion to dismiss the charges against him with prejudice due to a violation of the Speedy Trial Act, 18 USC § 3161, *et. seq*. [Doc. 11.] The Government filed a response conceding the violation and requesting that the case be dismissed without prejudice. [Doc. 12.] Defendant has informed the Court that he chooses not to reply. For the reasons that follow, the Court **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE**.

### Discussion

The Speedy Trial Act provides that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 USC § 3161(b). Certain periods of delay are excluded by the statute when calculating this

deadline. *See* 18 USC § 3161(h). Of relevance here are the provisions of the statute excluding any delay resulting from (1) the filing of a pretrial motion through the disposition of that motion and (2) for continuances granted by the judge on his own motion or at the request of either the government or defendant if such continuance is granted on the basis that the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 USC § 3161(h)(1)(D); 18 USC § 3161(h)(7)(A).

Cohen was arrested on May 7, 2026, and a criminal complaint against him was filed the next day. [Doc. 1.] He appeared before a magistrate judge on May 11, 2026 [Doc. 2], and the government moved to detain him. [Doc. 6]. A detention hearing and preliminary hearing were held on May 14, 2026, at which Cohen did not contest the government's motion to detain. [Doc. 7.] The magistrate judge granted the motion and ordered Cohen detained pending trial. [Doc. 8.] The four days the motion to detain was pending before the hearing that disposed of that motion are excluded from calculations under the Speedy Trial Act. 18 USC § 3161(h)(1)(D).

On June 8, 2026, before the 30-day window to indict expired, the government filed a motion to continue the indictment deadline. [Doc. 9.] Cohen did not oppose the motion, and the next day, the undersigned entered an order granting the motion and finding that the ends of justice served by granting the continuance outweighed the best interest of the public and defendant in a speedy trial. [Doc. 10.] The government was given until July 8, 2026, to indict or formally charge Cohen, and the time

between June 8, 2026, and July 8, 2026, was excluded from Speedy Trial calculations under 18 USC §§ 3161(h)(7)(A) and (B). [*Id.* at 1.]

To date, the government has not filed either a criminal information or an indictment against Cohen, nor has it moved to further continue the indictment deadline. The parties agree that the Speedy Trial Act has been violated, and the government concedes that it is at fault for this violation. [Doc. 12 at 7.] The issue before the Court then is whether dismissal of this case should be with or without prejudice. *See* 18 USC § 3162(a)(1). "In making this decision, the court considers three statutory factors: (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a reprosecution on the administration of the Act and on the administration of justice." *United States v. Williams*, 314 F.3d 552, 557 (11th Cir. 2002). In some instances, the length of the delay by itself can justify dismissal with prejudice. *United States v. Godoy*, 821 F.2d 1498, 1506 n.2 (11th Cir. 1987). When the charges concern a serious crime, however, the delay must be "correspondingly severe" to warrant dismissal with prejudice. *Williams*, 314 F.3d at 557 (quoting *United States v. Russo*, 741 F.2d 1264, 1267 (11th Cir. 1984)). "[T]he proper dismissal sanction to be imposed in each case is a matter left to the exercise of the sound discretion of the trial judge after consideration of the factors enumerated in the statute," *Russo*, 741 F.2d at 1267.

**A. Seriousness of the Offense**

The first statutory factor that the Court considers is the seriousness of the offense. 18 USC § 3162(a)(1). The offenses here are serious. The complaint

charges Cohen with knowingly and intentionally possessing with intent to distribute at least 500 grams of methamphetamine, a Schedule II controlled substance, in violation of 21 USC §§ 841(a)(1) and 841(b)(1)(A). [Doc. 1 at 10.] The minimum sentence for this crime is 10 years. 21 USC § 841(b)(1)(A). A "statutory minimum sentence of ten years of imprisonment reflects the seriousness of [Defendant's] offense." *United States v. Knight*, 562 F.3d 1314, 1323 (11th Cir. 2009). The complaint also alleges that Cohen, a convicted felon, knowingly possessed a Glock, model 23, .40 caliber pistol and that he carried this firearm during and in relation to the charged drug-trafficking crime. [Doc. 1 at 10-11.] The fact that Cohen allegedly possessed a handgun during and in relation to a drug trafficking offense "significantly enhance[s]" the seriousness of the drug trafficking crime. *Williams*, 314 F.3d at 559. This factor weighs in favor of dismissal without prejudice.

**B. Facts and Circumstances of the Case**

The second statutory factor is the facts and circumstances of the case that led to the Speedy Trial violation and resultant dismissal. 18 USC § 3162(a)(1). Here, the Court focuses on "the culpability of the delay-producing conduct." *Williams*, 314 F.3d at 559 (internal quotation omitted).

While the delay may have not been intentional, but rather the result of "mere negligence or inadvertence," the government candidly accepts full responsibility for it. [Doc 12 at 7.] *See id.* at 559 (a "delay in filing the indictment [that] was not intentional, but mere negligence or inadvertence does not automatically call for dismissal without prejudice.") In his

motion, Cohen states that he agreed to an additional 30-day continuance of the indictment deadline, "which would have excluded from Mr. Cohen's Speedy Trial calculation the time between July 8, 2026 to August 7, 2026." [Doc. 11 at 2.] The government failed, however, to file a motion to that effect with the Court. The government acknowledges this failure and concedes that, even had it filed a second motion for continuance, that would not have ameliorated the problem because it failed to present the case to a grand jury for indictment before the Speedy Trial deadline would have expired even had it obtained the second continuance. [Doc. 12 at 7.] The culpability for the delay therefore rests squarely on the shoulders of the government. This factor weighs against dismissal without prejudice.

**C. Impact of Reprosecution**

The final statutory factor is the "the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." 18 USC § 3162(a)(1). In considering this factor, the Court reviews a variety of factors, including the seriousness of the charges, the reason for the delay, the length of the delay, and prejudice to the defendant. *Williams*, 314 F.3d at 560.

According to the parties' calculations, when Cohen filed his motion, the delay due to the Speedy Trial violation was 48 days. [Doc. 11 at 3, Doc. 12 at 7.] This is not such a length that it would, by itself, justify dismissal with prejudice, particularly in light of the serious nature of the charges. *See Williams*, 314 F.3d at 560 (in a case with serious drug charges and negligent or inadvertent delay by the government, "even a sixty-eight-day violation

of the Act would not be sufficient, by itself, to compel dismissing the charges contained in the complaint with prejudice."); *Russo*, 741 F.2d at 1267 ("Where the crime charged is serious, the court should dismiss [with prejudice] only for a correspondingly severe delay.").

Nothing in the record before the Court suggests that the delay was intentional. And Cohen does not argue that he has been prejudiced by the delay. For instance, he makes no argument that the delay has impacted his defense or otherwise hindered his ability to prepare for trial. He is also silent about the impact of his continued detention and the Court notes that he did not contest his detention in this case. [Doc. 7.] "[A]lthough the absence of prejudice is not dispositive, in this case it is another consideration in favor of permitting reprosecution." *United States v. Taylor*, 487 U.S. 326, 341 (1988).

Having considered the statutory factors, the Court finds that dismissal without prejudice is appropriate. The delay does not appear to have been intentionally caused by the government, and it was not of such a length that it warrants dismissal with prejudice, particularly in light of the seriousness of the offenses Cohen has been charged with. Nor has the delay prejudiced Cohen or his ability to defend himself. This is "not a toothless sanction: it forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds." *Id.* at 342.

## Conclusion

The Court **RECOMMENDS** that Cohen's motion to dismiss be **GRANTED IN PART AND DENIED IN PART**. [Doc. 11.] The Court finds that the government's delay in indicting Cohen requires dismissal of this case under the Speedy Trial Act. Having considered the seriousness of the offense, the facts and circumstances of the case, and the impact of reprosecution, the Court **RECOMMENDS** that the case be **DISMISSED WITHOUT PREJUDICE**.

This Court formally assigns criminal cases at arraignment. Because there has been no arraignment in this case, it has not yet been assigned to a District Judge. The Clerk is therefore **DIRECTED** to submit this Report and Recommendation to the District Judge who is on duty upon expiration of the time for the parties to file objections under 28 USC § 636(b)(1).

**SO ORDERED,** September 2, 2026.

Lawrence R. Sommerfeld

LAWRENCE R. SOMMERFELD
UNITED STATES MAGISTRATE JUDGE